**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| BARBARA LINDSEY CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14CV638 |
| | ) | |
| HERITAGE HEALTHCARE and | ) | |
| SHERRY BLAKELY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Docket Entry 1), filed in conjunction with Plaintiff's pro se Complaint (Docket Entry 2). The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

LEGAL BACKGROUND

"The federal *in forma pauperis* ['IFP'] statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties

proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing [IFP] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the IFP statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). A complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] The Court may also anticipate affirmative defenses that clearly appear on the face of the complaint, such as a claim barred by the applicable statute of limitations. Nasim, 64 F.3d at 955.

## DISCUSSION

Plaintiff's Complaint appears to allege that Defendants breached a confidentiality agreement they had previously entered into with Plaintiff (see Docket Entry 2 at 1) and that they provided Plaintiff's confidential medical information to a third party in violation of the Health Insurance Portability and Accountability Act ("HIPAA") (see id. at 1, 3). The Complaint, taken in conjunction with the attachments Plaintiff filed in support, documents apparently connected to an Equal Employment

---

[1] Although "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A pro se complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

Opportunity Commission ("EEOC") charge (see Docket Entry 2-1),[2] alleges the following facts:

1) Plaintiff previously worked for Defendant Heritage Healthcare (Docket Entry 2 at 3; Docket Entry 2-1 at 2);

2) in 2008, while so employed, Plaintiff suffered an injury on the job and filed an EEOC charge of discrimination against Defendant Heritage Healthcare, followed by a lawsuit which the parties resolved through mediation (Docket Entry 2 at 2; Docket Entry 2-1 at 3);

3) as a result of the successful mediation, Plaintiff and Defendant Heritage Healthcare entered into an agreement that included a confidentiality provision (Docket Entry 2 at 1-3; Docket Entry 2-1 at 3);

4) in June of 2013, Plaintiff interviewed for a Medical Technician position with Westchester Harbour (Docket Entry 2-1 at 2);[3]

---

[2]    Neither the Complaint nor the attached EEOC charge set forth any facts suggesting that Plaintiff has a plausible federal statutory claim of discrimination or retaliation arising from the events described.

[3]    In an EEOC charge submitted as an attachment to her Complaint, Plaintiff indicates she interviewed with "Westchester Harbour" in June of 2013; however, in her Complaint she refers to "Providence Place." (Compare Docket Entry 2-1 at 2-3, with Docket Entry 2 at 2-3.) Plaintiff's attachments include a letter with a heading reading "Westchester Harbor Assisted Living Center" and a footer that reads "A Facility of Providence Place." (See Docket Entry 2-1 at 4.) It appears Providence Place is a company that provides a variety of senior healthcare and housing options in and
(continued...)

5) the interviewer, Melissa Crissman, asked Plaintiff if she knew Defendant Sherry Blakely, who formerly worked for Defendant Heritage Healthcare, but subsequently joined Westchester Harbour (id.; see also Docket Entry 2 at 2);

6) because Plaintiff did know Defendant Blakely from work at Defendant Heritage Healthcare, Plaintiff listed Defendant Blakely as a reference on the Westchester Harbour application (Docket Entry 2 at 2; Docket Entry 2-1 at 2); and

7) although Plaintiff believed the interview went well, she received a letter a few days later indicating that Westchester Harbour would not hire her because she "did not pass [the] drug screen, reference or criminal background checks" (Docket Entry 2-1 at 4), after which the Human Resources Director confirmed that one of Plaintiff's references "did not highly recommend [her] for the [] position" (id. at 2; see also Docket Entry 2 at 2).

Based on these facts, Plaintiff "believe[s] that [Defendant] Blakely gave [Plaintiff] an unfavorable reference" and disclosed to Westchester Harbour information concerning her injury and subsequent EEOC claim against Defendant Heritage Healthcare, allegedly in violation of both the confidentiality agreement

[3](...continued)
around High Point, North Carolina, including Westchester Harbour, an assisted living facility. See http://www.providenceplacenc.com/AboutUs; http://www.providenceplacenc.com/AssistedLiving (last visited Aug. 13, 2014). For the sake of clarity, this Memorandum Opinion will refer solely to Westchester Harbour.

between Plaintiff and Defendant Heritage Healthcare and HIPAA. (<u>See</u> Docket Entry 2 at 1, 3; Docket Entry 2-1 at 3.)

As an initial matter, to the extent the Complaint asserts a claim under HIPAA for unlawful disclosure of confidential medical information, HIPAA does not provide a private right of action. <u>See</u> <u>Johnson v. Departments of Army and Air Force</u>, 465 F. App'x 644, 645 (9th Cir. 2012); <u>Bradley v. Pfizer, Inc.</u>, 440 F. App'x 805, 809–10 (11th Cir. 2011); <u>Carpenter v. Phillips</u>, 419 F. App'x 658, 659 (7th Cir. 2011); <u>Dodd v. Jones</u>, 623 F.3d 563, 569 (8th Cir. 2010); <u>Wilkerson v. Shinseki</u>, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); <u>Sweeney v. Department of Homeland Sec.</u>, 248 F. App'x 179, 181 (Fed. Cir. 2007); <u>Acara v. Banks</u>, 470 F.3d 569, 572 (5th Cir. 2006).

As to the claim(s) concerning breach of the confidentiality agreement between Plaintiff and Defendant Heritage Healthcare, Plaintiff did not submit a copy of the agreement and the Complaint neither identifies the parties to the agreement nor the information the agreement deemed "confidential." (<u>See</u> Docket Entry 2 at 1-4; <u>see also</u> Docket Entry 2-1 at 1-11.) Furthermore, the attachments to the Complaint contain a document titled "<u>INTAKE NOTES:</u>" which appears to relate to Plaintiff's EEOC charge and which indicates that "[Plaintiff] sa[id] that [Defendant] Blakely did not sign the agreement she reached with [Defendant Heritage Healthcare] during the mediation of her lawsuit." (Docket Entry 2-1 at 7.) In addition, the Complaint and attachments fail to allege that

Defendant Heritage Healthcare itself caused any breach of the agreement or that Defendant Blakely remained an employee or agent of Defendant Heritage Healthcare at the time of the alleged breach. (See Docket Entry 2 at 1-4; Docket Entry 2-1 at 1-11.)  To the contrary, the attachments indicate that Defendant Blakely was an employee of Westchester Harbour at the time she served as a reference for Plaintiff. (Docket Entry 2-1 at 2, 9.)

Moreover, the Complaint presents only conclusory suppositions that Defendant Blakely disclosed confidential information. (See Docket Entry 2 at 2; see also Docket Entry 2-1 at 3.)  Even crediting Plaintiff's conclusion that Defendant Blakely provided the unfavorable reference, neither the Complaint nor the attachments allege any facts to support Plaintiff's suspicions that the unfavorable reference disclosed confidential information rather than, for example, Defendant Blakely's opinions about Plaintiff's previous job performance or interpersonal skills.

CONCLUSION

Plaintiff's Complaint falls short as a matter of law.[4]

---

[4]    The Complaint does not allege facts establishing that this Court has federal question jurisdiction over any alleged breach of the confidentiality agreement. (See Docket Entry 2 at 1-4.)  Further, the Complaint appears to identify all parties to this action as residents of North Carolina. (See id. at 1.)  Such circumstances cannot satisfy the diversity jurisdiction statute. See 28 U.S.C. § 1332(a); Exxon Mobil Corp. V. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).  Accordingly, upon finding the federal HIPAA claim deficient, the Court simply could decline to exercise supplemental jurisdiction over the Complaint's breach of
(continued...)

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis and Affidavit/Declaration in Support (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

                              /s/ L. Patrick Auld
                                **L. Patrick Auld**
                       **United States Magistrate Judge**

August 20, 2014

---

⁴(...continued)
confidentiality agreement claim(s), which presumably arise under state law.  <u>See</u> 28 U.S.C. § 1367(c)(3); <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966).  However, in light of the patent defects in Plaintiff's state-law claim(s), the interests of justice and efficiency warrant adjudication of the entire Complaint.